### VON BERNUTH *v.* SUTTON.

*(Supreme Court, General Term, Second Department. July 2, 1889.)*

MORTGAGES—ASSIGNMENT.

K. bought land, and assumed a bond and mortgage due to defendant. Being unable to pay the debt, K. induced plaintiff to advance the funds, and to take an assignment of the mortgage. The money was paid by K., who took an assignment in blank, and delivered it to plaintiff, whose name was filled in. All parties then believed the mortgage to be the first lien on the land, but this was a mistake, and the land was sold under a prior mortgage, and plaintiff's bond and mortgage became worthless. No representations as to the priority of the mortgage were made to plaintiff. *Held,* that plaintiff could not rescind the purchase of the mortgage and recover the money of defendant, as the transaction was, as to defendant, a payment of his debt.

Appeal from special term, Westchester county.

Keziah Paine owned land in Westchester county, which she sold to Zeba H. Kitchen, who assumed a mortgage executed by her to Stephen C. Sutton, the defendant. All the parties then believed the mortgage to be the first lien on the land, having examined the title with the object of satisfying themselves on that point. February 23, 1875, there was due thereon $2,046.66, and defendant requested payment of Kitchen, who, being unable to pay, induced Frederick Von Bernuth, the plaintiff, to advance the money, and to take an assignment of the mortgage to secure himself. This was done, and plaintiff gave Kitchen the money, with which the latter paid the debt, taking an assignment of the mortgage in blank. Plaintiff's name was filled in the blank, and the assignment delivered to him. A mortgage on the same land, prior to the Sutton mortgage, was on record, and under it the land was sold, bringing less than the debt secured by it, and thus cutting off the Sutton mortgage. The obligor in the bond secured by the Sutton mortgage being insolvent, it was therefore worthless, and plaintiff offered to reassign it and the mortgage to defendant, and requested the latter to repay the money advanced, which he refused to do. Thereupon plaintiff brought this action to have the sale of the mortgage rescinded on the ground of mutual mistake, and to recover the amount paid. Judgment for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Baldwin & Blackmar,* for appellant.

BARNARD, P. J. Kitchen was the principal debtor. He had bought the land covered by the defendant's mortgage, and agreed to pay the mortgage as part of the purchase price. The defendant required payment of Kitchen. When the payment was made, the defendant, at Kitchen's request, executed an assignment in blank, with power to fill up the blank, accompanied with a certification of the amount due. The name of the plaintiff was subsequently filled in as the plaintiff or purchaser. As between Kitchen and Sutton, the transaction was a payment, and the defendant was not a vendor of a mortgage on Kitchen's property. If Kitchen chose to take an assignment in blank, either to protect his title or to put the mortgage again in circulation, he had the right to do so. *Champney* v. *Coope,* 32 N. Y. 543. Sutton, the defendant, by assenting to this form of business, was not bound to make good

the mortgage to plaintiff, because it was a second mortgage, and both Kitchen and Sutton believed it to be a first mortgage. No representation was made in respect to the order of lien. The judgment should therefore be affirmed, with costs. All concur.